UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VINCENT WARD, | No.  2:23-cv-2175 DAD KJN P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| T. CAMPBELL, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se and in forma pauperis, with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner again challenges his August 1, 2018 conviction for second degree murder.  Respondent's fully briefed motion to dismiss is before the court.

As discussed below, respondent's motion should be granted, and petitioner should be denied leave to amend his original habeas petition to include the instant claims because they are barred by the statute of limitations and do not relate back to his original habeas claim.

Prior Habeas Petition

On December 2, 2021, petitioner filed a fully exhausted petition for writ of habeas corpus in Ward v. Peery, No. 2:21-cv-2220 DAD KJN (E.D. Cal.), challenging his 2018 conviction for murder.  After the petition was fully briefed and submitted for decision, on January 9, 2023, petitioner filed a motion for stay and abeyance under Rhines v. Weber, 544 U.S. 269, 276 (2005).

1

However, because the petition was fully exhausted, on June 1, 2023, the assigned magistrate judge found that petitioner was not entitled to a stay under <u>Rhines</u>.  The magistrate judge then considered whether petitioner was entitled to a stay under <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).  However, he found the unexhausted claims would be time-barred under 28 U.S.C. § 2244 (d)(1) if petitioner attempted to amend to add the putative claims, and the limitation period was not subject to statutory or equitable tolling.  Finally, the magistrate judge found that the unexhausted claims would not relate back to petitioner's sole exhausted claim which challenged the jury verdict finding petitioner competent to stand trial, arguing the verdict was not supported by substantial evidence (hereafter "competency claim").  Thus, it was recommended that petitioner not be granted a stay under <u>Kelly</u>.  <u>Peery</u>, 2:21-cv-2220 DAD KJN P (ECF No. 24).

On August 23, 2023, the district court adopted the findings and recommendations, denied petitioner's motion for stay and abeyance, and directed the action proceed solely on petitioner's exhausted claim.  <u>Id.</u> (ECF No. 26.)  Petitioner filed a motion for reconsideration which the district court denied on August 23, 2023.  <u>Id.</u> (ECF Nos. 27, 28.)  Petitioner filed an appeal, which was denied for lack of jurisdiction.  <u>Id.</u> (ECF Nos. 29, 33.)

<u>Instant Petition ("second petition")</u>

On October 2, 2023, petitioner again challenged his 2018 conviction for murder, filing a second petition for writ of habeas corpus which was opened as a new case.  <u>Ward v. Campbell</u>, No. 2:23-cv-2175 DMC (HC) (E.D. Cal.).  Petitioner noted he had filed a habeas petition in the Eastern District, which was on appeal to the Ninth Circuit, and added "Competency/Stay and abeyance," but did not provide the case number.  (ECF No. 1 at 2.)

On October 23, 2023, the assigned magistrate judge ordered respondent to file a response.

On December 22, 2023, respondent filed a motion to dismiss the second petition based on timeliness grounds and filed a notice of related cases.  (ECF Nos. 9, 12.)  On January 4, 2024, the district court related the two habeas cases and reassigned them to the same judges.  (ECF No. 13.)

After being granted an extension of time, petitioner filed an opposition on February 23, 2024.  (ECF No. 17.)  On March 4, 2024, respondent filed a reply.  (ECF No. 18.)

////

1 | <u>Petitioner's Second Petition is Not Successive</u>

2 |      Petitioner filed his second habeas petition while his first petition was pending.  Thus, the

3 | instant petition is not a successive petition as defined in 28 U.S.C. § 2244.[1]  Rather, the

4 | undersigned construes the second petition as a motion to amend the first habeas petition because

5 | it is currently pending.  <u>Woods v. Carey</u>, 525 F.3d 886, 887-90 (9th Cir. 2008).

6 | <u>Motion to Amend</u>

7 |      As explained below, the undersigned finds amendment inappropriate because the instant

8 | claims are untimely and do not relate back to the sole exhausted competency claim currently

9 | pending in <u>Peery</u>, No. 2:21-cv-2220 DAD KJN P.[2]

10 |      <u>Statute of Limitations</u>

11 |          <u>Calculating Limitations Deadline</u>

12 |      Petitioner was convicted on August 1, 2018, and was sentenced to fifteen years to life in

13 | state prison.  Petitioner filed an appeal.  On February 24, 2021, petitioner's conviction was

14 | affirmed by the California Court of Appeal, Third Appellate District.  Petitioner sought rehearing,

15 | which was denied, and the opinion was modified with no change in the judgment on March 16,

16 | 2021.

17 |      Petitioner filed a petition for review in the California Supreme Court, which was denied

18 | without comment on May 12, 2021.  (ECF Nos. 11-4, 11-5.)  Petitioner then had 150 days to file

19 | a petition for writ of certiorari in the United States Supreme Court, which expired on Sunday,

20 | October 10, 2021.[3]  Because the deadline fell on a Sunday, petitioner had until Monday, October

21 | [1]  Had the district court addressed the merits of the first petition prior to the filing of the instant

22 | action, petitioner would have been required to move in the United States Court of Appeals for the
Ninth Circuit for an order authorizing the district court to consider the second petition.  28 U.S.C.

23 | § 2244(b)(3).

24 | [2]  The undersigned considered whether the instant petition should be re-filed in the earlier case so

25 | that all rulings pertinent to the 2018 conviction were contained in the first case.  However, the
undersigned will address the constructive motion to amend in the instant action because

26 | amendment is not appropriate, pertinent briefing is contained herein, and doing so will avoid
burdening court operations with re-docketing filings that will not affect the merits determination

27 | in the earlier case.

28 | [3]  Normally, a petitioner has 90 days after the California Supreme Court denied review to file a

11, 2021, but did not file a petition for writ of certiorari.  See Fed. R. Civ. P. 6(a)(1)(C) (when last day of period falls on Saturday, Sunday, or legal holiday, period continues to run until end of next day that is not Saturday, Sunday, or legal holiday).  The AEDPA limitations period began running the next day, October 12, 2021, and expired on Wednesday, October 12, 2022.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that AEDPA limitation period begins running day after triggering event).  Thus, absent tolling, the limitations period expired on October 12, 2022.

Statutory Tolling

Title 28 U.S.C. § 2254(d)(2) provides for tolling where the prisoner properly files a state post-conviction application.

On May 30, 2023, petitioner filed a petition for resentencing in the Nevada County Superior Court, which remains pending.[4]  (ECF No. 11-6.)  On July 5, 2023, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on September 20, 2023.  (ECF Nos. 11-7, 11-8.)

State habeas petitions filed after the one-year statute of limitations expired do not revive the statute of limitations and have no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Here, both state court petitions were filed after the statute of limitations expired.  Thus, petitioner is not entitled to statutory tolling based on his belated state court filings.

---

petition for certiorari in the U.S. Supreme Court.  See Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009) ("The period of direct review after which a conviction becomes final includes the 90 days during which the state prisoner can seek a writ of certiorari from the United States Supreme Court.")  However, "the U.S. Supreme Court temporarily extended the time to file a petition for writ of certiorari from 90 to 150 days for any deadline falling after March 19, 2020." Parker v. Johnson, 2023 WL 2558547, *7 (C.D. Cal. Jan. 13, 2023), citing see U.S. Sup. Ct. Order, Mar. 19, 2020, https://www.supremecourt.gov/orders/ordersofthecourt (rescinded July 19, 2021); see also (ORDER LIST: 589 U.S.); (ORDER LIST: 594 U.S.).

[4]  Petitioner's filings were given benefit of the mailbox rule.  See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

1    Further, petitioner is not entitled to any tolling for the period during which his first habeas

2    petition has been pending.  See Duncan v. Walker, 533 U.S. 167, 180-81 (2001) (federal habeas

3    petition does not toll limitation period because it is not "application for State post-conviction or

4    other collateral review" within meaning of § 2244(d)(2)).

5    Therefore, petitioner is not entitled to any statutory tolling of the limitations period.

6                              Equitable Tolling

7    In his opposition, petitioner primarily challenges the merits of his claims for relief.  (ECF

8    No. 17 at 1-40.)  While not entirely clear, petitioner appears to contend he should be excused

9    from the timeliness bar because (1) his claims have merit and should be decided on the merits; (2)

10   his efforts to obtain discovery have been thwarted and should pause the statute of limitations; (3)

11   there was a change in state law; and (4) he was convicted of a crime he did not commit and

12   cumulative errors constitute a miscarriage of justice.  (ECF No. 17.)

13   Respondent counters that petitioner provided no relevant authority to support his untimely

14   effort to seek reconsideration of the court's prior decision that his claims are untimely, and he did

15   not provide anything that would undermine the prior decision.  (ECF No. 18 at 2.)

16   Equitable tolling of the statute of limitations is appropriate when the petitioner shows "(1)

17   that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

18   in his way." Holland v. Florida, 560 U.S. 631, 645 (2010).  It is petitioner's burden to

19   demonstrate that he is entitled to equitable tolling.  Espinoza-Matthews v. California, 432 F.3d

20   1021, 1026 (9th Cir. 2005).

21   An "extraordinary circumstance" has been defined as an external force that is beyond the

22   prisoner's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "The diligence required

23   for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"

24   Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted).  In addition,

25   petitioner must demonstrate that the "'extraordinary circumstances' were the cause of his

26   untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003), quoting Stillman v.

27   LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) ("petitioner entitled to equitable tolling 'since

28   prison officials' misconduct proximately caused the late filing.'").  "Each of the cases in which

1  equitable tolling has been applied have involved <u>wrongful</u> conduct, either by state officials or,

2  occasionally, by the petitioner's counsel." <u>Shannon v. Newland</u>, 410 F.3d 1083, 1090 (9th Cir.

3  2005), <u>cert. denied</u>, 546 U.S. 1171 (2006) (emphasis in original).  "The threshold necessary to

4  trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." <u>Miranda v.

5  Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted).  Equitable

6  tolling is "a very high bar and is reserved for rare cases." <u>Yeh v. Martel</u>, 751 F.3d 1075, 1077

7  (9th Cir. 2014).

8                    <u>Excused from Timeliness Bar</u>

9          As argued by respondent, petitioner's reliance on the merits of his underlying habeas

10  claims is unavailing.  "[T]he merits of the federal petition are not relevant to whether

11  extraordinary circumstances exist justifying the late filing of the habeas petition; showing of

12  extraordinary circumstances related to filing of the petition itself is required." <u>Foster v. Yates</u>,

13  2008 WL 3876224, at *3 (E.D. Cal. Aug. 20, 2008) (citations omitted).

14          Further, Congress did not include discovery as a ground for tolling the statute of

15  limitations.  <u>See</u> <u>Ramirez v. Yates</u>, 571 F.3d 93, 1000 (9th Cir. 2009).  The Ninth Circuit agreed

16  with the Second Circuit that "if a filing of that sort could toll the AEDPA limitations period,

17  prisoners could substantially extend the time for filing federal habeas petitions by pursuing in

18  state courts a variety of applications that do not challenge the validity of their convictions." <u>Id.</u>,

19  (quoting <u>Hodge v. Greiner</u>, 269 F.3d 104, 107 (2d Cir. 2001)).  Thus, petitioner's reliance on

20  California cases to support his delayed filing (ECF No. 17 at 42-44) is unavailing.

21          Similarly, petitioner's reliance on a change in California state law is also unavailing.  He

22  contends that changes to California Penal Code Sections 188 and 189 mean he was sentenced to

23  an invalid statute, and he is now "actually innocent of the crime of murder in the second degree."

24  (ECF No. 17 at 47.)  However, challenges to state court criminal judgments are governed by Title

25  28 U.S.C. § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996

26  ("AEDPA").  Under AEDPA, a federal habeas corpus petition must be filed within one year from

27  several triggering dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  Thus, the timeliness of

28  petitioner's habeas petition is governed by federal law, not state law.  Here, the statute of

1    limitations period was calculated based on the date petitioner's conviction became final.  28

2    U.S.C. § 2244(d)(1)(A).  Petitioner identifies no other circumstance that would trigger a different

3    calculation of the limitations period.

4           Finally, petitioner claims that he is entitled to habeas review because he did not commit

5    the crime, and cumulative errors at trial constitute a miscarriage of justice.

6           "The miscarriage of justice exception, we underscore, applies to a severely confined

7    category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror

8    would have convicted [the petitioner].'"  McQuiggin v. Perkins, 569 U.S. 383, 394-95 (2013)

9    (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Such fundamental miscarriage of justice

10   exception provides that "actual innocence . . . serves as a gateway through which a petitioner may

11   pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of

12   limitations."  Id. at 386.  However, the Supreme Court cautioned that such exception rarely

13   applies.  "'[A] petitioner does not meet the threshold requirement unless he persuades the district

14   court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him

15   guilty beyond a reasonable doubt.'"  Id. (quoting Schlup, 513 U.S. at 329).  "To be credible, such

16   a claim [of actual innocence] requires petitioner to support his allegations of constitutional error

17   with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy

18   eyewitness accounts, or critical physical evidence – that was not presented at trial."  Schlup, 513

19   U.S. at 324.  Here, petitioner fails to present any new evidence to support his actual innocence

20   argument, and his vague references to the cumulative errors at trial are insufficient for a showing

21   of actual innocence such that he may overcome the statute of limitations bar.

22                                        Delay

23          Petitioner was previously provided the standards governing equitable tolling.  Peery, No.

24   2:21-cv-2220 DAD KJN (ECF No. 24).  Despite this, petitioner did not specifically address the

25   two elements required under Holland, 560 U.S. at 645.  Without further explanation, petitioner

26   concedes that the second petition "has been delayed."  (ECF No. 17 at 36.)  As the court

27   previously found, by January of 2020, petitioner became aware appellate counsel had only

28   pursued the competency claim because petitioner was served a copy of counsel's opening brief on

                                          7

1    January 8, 2020.  Peery, No. 2:21-cv-2220 DAD KJN (ECF No. 24 at 8.)  But over three years

2    later, petitioner had still not commenced state collateral review.  Petitioner did not file a petition

3    for writ of habeas corpus in state court until July 5, 2023.  Such delay fails to demonstrate

4    petitioner was diligently pursuing his rights.

5                                      Extraordinary Circumstances

6              Petitioner claims that the prison law library has had a difficult time remaining open (ECF

7    No. 17 at 37), suggesting that was an extraordinary circumstance that prevented his timely filing.

8    However, he provided no specific facts supporting such conclusory statement.  Indeed, petitioner

9    provided more details in his motion to stay the first petition.  Peery, No. 2:21-cv-2220 DAD KJN

10   P (ECF No. 19).  But the court previously found that petitioner's statements that he was on

11   modified program, quarantined and not allowed access to the law library were too generalized to

12   warrant equitable tolling.  Id. (ECF No. 24 at 9.)  In addition, petitioner failed to demonstrate he

13   was unable to access library materials by other methods.  Id.  Moreover, his claim that a prison

14   transfer deprived him of his legal materials for six weeks was also not supported by specific dates

15   as to when he was transferred or when his materials were returned.  Id.  But even assuming

16   petitioner was deprived of his legal materials for six weeks beginning on June 21, 2022, the date

17   he filed a change of address with the court, the court found that petitioner would have had seventy

18   days remaining to bring his claims to federal court.  Id. (ECF No. 24 at 10).

19             In addition, petitioner now claims that he "has a difficult time learning the law and

20   learning the procedures necessary to file this petition." (ECF No. 17 at 36.)  But to the extent that

21   petitioner contends that the extraordinary circumstance was his lack of understanding of the law,

22   his claim for equitable tolling must fail.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)

23   (pro se petitioner's ignorance and confusion about the law not sufficient); see, e.g., Hughes v.

24   Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack

25   of knowledge of law unfortunate but insufficient to establish cause).

26             The undersigned is persuaded that petitioner provided no new facts or evidence that would

27   support equitable tolling under Holland.  See also Peery, No. 2:21-cv-2220 DAD KJN P (ECF

28   Nos. 24 at 7-10; 26).

                                                    8

1   Conclusion

2        Petitioner submitted the instant petition to prison authorities for mailing on September 27,

3   2023, eleven and a half months after the statute of limitations period expired on October 12, 2022.

4   Therefore, the claims raised in the instant petition are time-barred, unless such claims relate back

5   to petitioner's claim raised in 2:21-cv-2220 DAD KJN P.

6   Relation Back

7        Because the instant claims are untimely, petitioner must show that each claim relates back

8   to his properly filed competency claim in order to include the putative claim in any amended

9   petition.  See Mayle v. Felix, 545 U.S. 644, 655 (2005) (citing Fed. R. Civ. P. 15(c)); Nguyen v.

10  Curry, 736 F.3d 1287, 1296 (9th Cir. 2013), abrogated on other grounds by Davila v. Davis, 137

11  S. Ct. 2058 (2017).  A new claim does not "relate back" to the filing of an exhausted petition

12  simply because it arises from "the same trial, conviction, or sentence."  Mayle, 545 U.S. at 662-

13  64.  Rather, it must share a "common core of operative facts" with a timely claim in the pending

14  petition.  Id. at 664.  Therefore, an amended petition "does not relate back (and thereby escape

15  AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that

16  differ in both time and type from those the original pleading set forth."  Id. at 650.  The "time and

17  type" language in Mayle refers "not to the claims, or grounds for relief" but "to the facts that

18  support those grounds."  Nguyen, 736 F.3d at 1297 (emphasis in original).

19       As noted above, in his first petition, petitioner raised only one claim:  the jury verdict

20  finding petitioner competent to stand trial was not supported by substantial evidence.  The claims

21  raised in the second petition concern the Speedy Trial Act, denial of Marsden motions, alleged

22  judicial misconduct during trial, prosecutorial misconduct, trial court errors in admitting

23  evidence, and ineffective assistance of counsel at trial.[5]  (ECF No. 1.)  Thus, evaluation of such

24  claims will not rely on any of the facts reviewed for petitioner's competency claim.  Indeed, all of

25

26  _____

27  [5]  The second petition reorganized the proposed claims set forth in his motion for stay, and
    revised his judicial misconduct claim to allege the trial court admitted hearsay evidence that was
    damaging to petitioner's case.  (ECF No. 1 at 10.)

28

petitioner's claims are unrelated to petitioner's challenge to the jury's competency verdict.[6] Thus, none of the claims raised in the second petition relate back to petitioner's competency claim.

Because the claims in the second petition are untimely and do not relate back to petitioner's properly filed competency claim contained in his first habeas petition, the motion to amend the first habeas petition to include such claims should be denied. Such findings are consistent with the court's prior findings in petitioner's first habeas case, Peery, No. 2:21-cv-2220 DAD KJN P (ECF Nos. 24, 26), despite petitioner's efforts to obtain additional tolling of the limitations period.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted;

2. The instant petition, construed as petitioner's motion to amend his first habeas petition filed in Ward v. Peery, No. 2:21-cv-2220 DAD KJN P, be denied; and

3. This action be dismissed with prejudice as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it

---

[6] Although petitioner claims that his trial was delayed by the competency proceedings, mentioned in putative claim six, evaluation of whether or not petitioner's speedy trial rights were violated would not require an evaluation of facts related to the issue of whether or not petitioner was competent to stand trial.

1   debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of

2   reason would find it debatable whether the petition states a valid claim of the denial of a

3   constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

4   McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed

5   within fourteen days after service of the objections.  The parties are advised that failure to file

6   objections within the specified time may waive the right to appeal the District Court's order.

7   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8   Dated:  March 18, 2024

9   _____

10  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

11  /ward2175.mtd.hc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11