|     |     |
| --- | --- |
|     | UNITED STATES DISTRICT COURT |
|     | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JOSEPH VINCENT WARD,<br><br>Petitioner,<br><br>v.<br><br>T. CAMPBELL,<br><br>Respondent. | No. 2:23-cv-02175-DAD-CSK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION<br><br>(Doc. Nos. 9, 19) |

Petitioner Joseph Vincent Ward is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 18, 2024, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 9) be granted and this action be dismissed with prejudice because petitioner's claims for federal habeas relief "are untimely and do not relate back to the sole exhausted competency claim currently pending" before the court in petitioner's first federal habeas action, *Ward v. Perry*, No. 2:21-cv-02220-DAD-CSK (E.D. Cal.). (Doc. No. 19 at 3.) Those findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.* at 10.) On April 1, 2024, petitioner filed objections to the pending findings

/////

1  and recommendations.  (Doc. No. 21.)  Respondent did not file a response thereto or objections of
2  her own.

3  In his objections, petitioner does not meaningfully address the pending findings and
4  recommendations.  Rather, petitioner merely reiterates his arguments on the merits of the
5  exhausted competency claim that is pending in his first federal habeas action.  (*Id.*)  Thus,
6  petitioner's objections do not provide a basis upon which to reject the findings and
7  recommendations.

8  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
9  *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's
10 objections, the court concludes that the pending findings and recommendations are supported by
11 the record and proper analysis.

12 Having concluded that the pending petition must be dismissed, the court also declines to
13 issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute
14 right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*
15 *Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may
16 only issue a certificate of appealability when a petitioner makes a substantial showing of the
17 denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas
18 relief on procedural grounds without reaching the underlying constitutional claims, the court
19 should issue a certificate of appealability "if jurists of reason would find it debatable whether the
20 petition states a valid claim of the denial of a constitutional right and that jurists of reason would
21 find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*
22 *McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists
23 would not find the court's determination that the pending petition must be dismissed to be
24 debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

25 Accordingly,

26 1. The findings and recommendations issued on March 18, 2024 (Doc. No. 19) are
27    adopted in full;

28 /////

2. Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. No. 9) is granted;

3. This action is dismissed, with prejudice;

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **July 17, 2024**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE