UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VINCENT WARD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>T. CAMPBELL,<br><br>　　　　　Respondent. | No. 2:23-cv-02175-DAD-CSK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 27, 30) |

Petitioner Joseph Vincent Ward is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 18, 2024, the undersigned adopted the findings and recommendations issued by the assigned magistrate judge (Doc. No. 19) and dismissed petitioner's federal habeas petition with prejudice.  (Doc. No. 22 at 2–3.)  Judgment was entered on that same day.  (Doc. No. 23.)  On August 5, 2024, petitioner appealed the court's order to the Ninth Circuit Court of Appeals (Doc. No. 24) and filed the pending motion for reconsideration of the court's order dismissing his petition.  (Doc. No. 27).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

1

1  evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has
2  been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."
3  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any
4  event "not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

5  Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the
6  interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*,
7  229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737,
8  749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration
9  under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his
10 control."  *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

11 "A motion for reconsideration should not be granted, absent highly unusual
12 circumstances, unless the district court is presented with newly discovered evidence, committed
13 clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
14 raise arguments or present evidence for the first time when they could reasonably have been
15 raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571
16 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in
17 original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or
18 different facts or circumstances are claimed to exist which did not exist or were not shown"
19 previously, "what other grounds exist for the motion," and "why the facts or circumstances were
20 not shown" at the time the substance of the order which is objected to was considered.

21 Here, petitioner's motion does not identify any basis under Rule 60(b) upon which this
22 court should reconsider its July 18, 2024 order dismissing this action.  Instead, petitioner merely
23 asserts that "[t]he court appears to have abandoned the cause of justice over the form of the
24 pleading." (Doc. No. 27.)  Petitioner simply has provided no basis under Rule 60(b) to support
25 reconsideration of the court's order dismissing his petition.

26 Accordingly,
27     1.    Petitioner's motion for reconsideration (Doc. No. 27) is denied;
28 /////

2. Petitioner's pending motion to proceed *in forma pauperis* (Doc. No. 30) is denied as having been rendered moot by this order; and

3. This case shall remain closed.

IT IS SO ORDERED.

Dated: __**August 26, 2024**__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3